0IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL DEANDRE WILLIAMS,

    Plaintiff,

v.                                Case No. 2:19-cv-00067

PRIMECARE MEDICAL, INC., *et al.*,[1]

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is PrimeCare Medical, Inc.'s Motion to Set Aside Entry of Default (ECF No. 31), a Motion to Dismiss filed by Defendant J.T. Binion ("Binion") (ECF No. 32), and a Motion to Dismiss and Alternative Motion for Summary Judgment filed by Defendants PrimeCare Medical, Inc. (hereinafter "PrimeCare"), Jessica Thornhill ("Thornhill"), and Tina Fouts-Sneed ("Fouts-Sneed") (who was named in the amended complaint as "Nurse Tina or Trina").[2]

### I.    RELEVANT PROCEDURAL HISTORY

This matter is proceeding on Plaintiff's Amended Complaint (ECF No. 7). On April 5, 2022, the undersigned submitted a Proposed Findings and Recommendation ("PF&R") recommending dismissal of Plaintiff's claims against the WVDCR, the SCRJ, Sergeant Thompson, Corporal Ryan Webb, Officer Pollard, Sergeant Jaburs Terry, and

---

[1] On July 12, 2022, the presiding District Judge dismissed Plaintiff's claims against the West Virginia Division of Corrections and Rehabilitation ("WVDCR"), the South Central Regional Jail ("SCRJ"), Sergeant Thompson, Corporal Ryan Webb, Officer Pollard, Sergeant Jaburs Terry, and former Administrator Brad Douglas. (ECF No. 41). Thus, the Clerk is directed to modify the short style of the case to *Williams v. PrimeCare Medical, Inc., et al.*

[2] The Clerk is directed to modify the docket sheet to reflect this defendant's proper name.


former Administrator Brad Douglas. (ECF No. 19). The undersigned further directed the Clerk to issue summonses for the remaining defendants, which were to be served by the United States Marshals Service ("USMS") or by certified mail, and stayed the matter pending service of process and appearance by those defendants. (ECF No. 20).

According to the docket sheet, PrimeCare was served by certified mail on April 7, 2022, and its responsive pleading was due by April 28, 2022. (ECF No. 26). However, PrimeCare did not file any responsive pleading by that date.[3] Because PrimeCare had not timely responded to the amended complaint, on May 24, 2022, the undersigned entered an Order and Notice lifting the stay, directing the Clerk to enter default against PrimeCare, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and directing the Clerk to send a copy of the entry of default to PrimeCare by certified mail at the same address used for service of process. (ECF No. 29).

Thereafter, on May 27, 2022, PrimeCare, by counsel, immediately moved to set aside the entry of default, explaining that counsel misunderstood the undersigned's prior order and believed that no responsive pleading was required until the stay was lifted by the court. (ECF No. 31 at 2). PrimeCare, along with Defendants Thornhill and Fouts-Sneed (hereinafter "the PrimeCare Defendants") also swiftly filed the pending Motion to Dismiss and Alternative Motion for Summary Judgment (ECF No. 34) and Memorandum of Law in support thereof (ECF No. 35).

Rule 55(c) of the Federal Rules of Civil Procedure permits the setting aside of an entry of default for good cause. Fed. R. Civ. P. 55(c). Pursuant to *Rasmussen v.*

---

[3] Defendants Binion and Fouts-Sneed were served on May 18, 2022, so their responsive pleadings were due by June 8, 2022 and were timely filed. (ECF Nos. 27, 32, and 34). Defendants Kim (LNU), Kitchen Administrator, Anna Hager, Nurse Ruthanna, Nurse Molly, and Nurse Joselyn have not been successfully served with process.

*American Nat. Red Cross*, 155 F.R.D. 549 (S. D. W. Va. 1994), where default has been entered but judgment has not, a motion to set aside default is governed by a liberal good cause standard rather than by the more restrictive standard for relief from judgment. Despite filing two subsequent documents expanding on his claims, Plaintiff has not opposed PrimeCare's motion to set aside entry of default.

Upon being advised by the court that default had been entered against it, PrimeCare took immediate steps to employ counsel to represent its interests, and the instant Motion to Set Aside Entry of Default (ECF No. 31) was filed. PrimeCare's motion emphasizes that the failure to timely file a responsive pleading was the fault of counsel, was not intentional, and that Plaintiff would not be prejudiced by setting aside the default and proceeding on the pending motions to dismiss and/or for summary judgment. (ECF No. 31 at 2). The undersigned **FINDS** that PrimeCare can satisfy the good cause standard and that Plaintiff will not be prejudiced by setting aside the default herein and proceeding on PrimeCare's subsequently filed dispositive motion. Accordingly, for good cause shown, it is hereby **ORDERED** that PrimeCare's unopposed Motion to Set Aside Default (ECF No. 31) is **GRANTED**, and the entry of default against PrimeCare is hereby set aside.

It is unclear whether Plaintiff intended the documents he filed in ECF Nos. 37 and 40 to be responses to the Defendants' pending dispositive motions. Nonetheless, because Plaintiff is proceeding *pro se*, the court is required to advise him of his right to respond to the Defendants' motions, particularly where a motion for summary judgment is filed. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). As the court may consider the exhibits and records attached to the PrimeCare Defendants' Motion to Dismiss and Alternative Motion for Summary Judgment, Plaintiff is hereby **NOTIFIED**

3

that he has a right and obligation to respond to that motion and must provide admissible evidence sufficient to oppose the motion for summary judgment. Plaintiff may submit affidavits or statements subject to the penalties of perjury, exhibits, or other legal or factual material supporting his position in the case.

Plaintiff is advised that factual statements in affidavits submitted by Defendants will be accepted as true unless Plaintiff sets forth facts in his response indicating the existence of a genuine or actual dispute of material fact for trial. In his response, Plaintiff must set out either in his own affidavit or sworn statement, or the affidavits or sworn statements of other witnesses, specific facts that show a genuine dispute about one or more important facts present in this case. In the affidavits and exhibits, Plaintiff should address, as clearly as possible, the issues and facts stated in his amended complaint and in the affidavits or other evidence submitted by Defendants.

Plaintiff is also advised that a failure to respond to the Defendants' motions may result in entry of summary judgment or otherwise denying the relief sought in the complaint and dismissing the suit. In preparing a response, Plaintiff is advised that a knowing assertion of a falsehood to avoid dismissal could, if proven, constitute perjury punishable by law. It is hereby **ORDERED** that Plaintiff's responses to Binion's Motion to Dismiss (ECF No. 32) and the PrimeCare Defendants' Motion to Dismiss and Alternative Motion for Summary Judgment (ECF No. 34) shall be filed by **October 19, 2022**. Defendants may file replies by **October 31, 2022.**

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to Plaintiff and to transmit a copy to counsel of record.

ENTER:       September 28, 2022

Dwane L. Tinsley
United States Magistrate Judge