```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**MICHAEL DEANDRE WILLIAMS,**

      Plaintiff,

v.                                    Civil Action No. 2:19-cv-00067

**PRIMECARE MEDICAL, INC.,**
**J.T. BINION, TINA FOUTS-SNEED,**
**and JESSICA THORNHILL,**

      Defendants.


## MEMORANDUM OPINION AND ORDER

Pending before the court are the Proposed Findings and Recommendation ("PF&R") of Magistrate Judge Dwane L. Tinsley, ECF No. 50, and the plaintiff's Response to Proposed Findings and Recommendation. ECF No. 52.

This action was previously referred to the magistrate judge, who submitted a PF&R pursuant to 28 U.S.C. § 636(b)(1)(B). On February 13, 2023, the magistrate judge recommended denying the motion to dismiss of defendant J.T. Binion. As to the joint motion to dismiss and alternative motion for summary judgment filed by defendants PrimeCare Medical, Inc. ("PrimeCare"), Tina Fouts-Sneed and Jessica Thornhill, the magistrate judge recommended granting the motion to dismiss as to PrimeCare for failure to state a claim but

denying the motion as to Ms. Fouts-Sneed and Ms. Thornhill inasmuch as there are genuine issues of material fact and Ms. Fouts-Sneed and Ms. Thornhill are not entitled to judgment as a matter of law.

The Federal Magistrates Act authorizes magistrate judges "to submit to a judge of the court proposed findings of fact and recommendations for disposition," of motions to dismiss for failure to state a claim upon which relief can be granted and for summary judgment. Id. § 636(b)(1)(A)-(B).

Upon an objection to the PF&R, the court reviews de novo "those portions or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). General objections which fail to address portions or specified proposed findings or recommendations "do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of de novo review." Elswick v. Plumley, Civ. A. No. 2:14-CV-29300, 2022 WL 2919291, at *1 (S.D.W. Va. July 25, 2022) (citing Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must

2

object to the finding or recommendation on that issue with sufficient specificity so as to reasonably alert the district court of the true ground for the objection.").

The form of the plaintiff's response to the PF&R is unconventional, and it is sometimes unclear to the court what the plaintiff intends. The plaintiff does not style his response as an objection nor is it categorized as such on the docket. Rather, the plaintiff merely states that, "Concerning this matter of Proposed Finding and the Court['s] Recommendation the plaintiff Michael D. Williams finds the recordings to be True." ECF No. 52 at 1. To the extent the plaintiff intends to object to the PF&R, he does not direct the court with sufficient specificity to anything in the PF&R to which he objects. On the contrary, as stated, it appears that the plaintiff approves of the PF&R. Accordingly, the court finds that de novo review of the plaintiff's response is not warranted under 28 U.S.C. § 636(b)(1)(B) or Rule 72.

In the absence of an objection - and there are none by any party except for the response by the plaintiff - the court may accept a magistrate judge's PF&R when there is no clear error on the face of the record. Diamond, 416 F.3d at 315 (citing Fed. R. Civ. P. 72 advisory committee's note). Having

3

reviewed the PF&R and finding no error, the court adopts the PF&R in its entirety.

The remainder of the plaintiff's response appears to consist of a motion for the appointment of counsel, a motion for default judgment, and a prayer for relief entitled, "What to ask for in this Lawsuit."[1] The court notes that the foregoing portions of the response are not identified as motions on the docket, and the court is uncertain whether the plaintiff intended as much given the unusual format of the filing. The court nonetheless briefly considers the plaintiff's response as consisting of two motions.

In his response, the plaintiff asks the court "for Appointment of Counsel as I am unable to afford counsel." ECF No. 52 at 1. The plaintiff has separately filed a motion for the appointment of counsel, which currently is referred to the magistrate judge. ECF No. 51. Inasmuch as the plaintiff's motion for appointment of counsel contained in his response to the PF&R is duplicative of the plaintiff's motion referred to

---

[1] Concerning the portion of the plaintiff's filing entitled, "What to ask for in this Lawsuit," the plaintiff sets forth a request for nominal damages, compensatory damages, and punitive damages. To the extent the plaintiff wishes to amend his amended complaint to include such a prayer for relief, the plaintiff has not sought the court's leave to do so or obtained the written consent of the opposing parties, and the court declines to grant such leave. See Fed. R. Civ. P. 15(a)(2). To the extent the plaintiff is stating the kinds of relief he seeks were the court to enter default judgment, the motion for default judgment is denied for the reasons stated in this opinion.

the magistrate judge regarding the appointment of counsel, the court denies the plaintiff's motion for the appointment of counsel filed with his response to the PF&R, and leaves referred to the magistrate judge for decision the plaintiff's motion for appointment of counsel. ECF No. 51.

Following his request for counsel, the plaintiff states that legal issues in this case are "tough," before continuing, "For instance . . . The Motion for Judgment by Default." Immediately thereafter, in what appears to be a separately captioned motion, the plaintiff states he "moves this court for a [judgment] by default in this action," against PrimeCare, Ms. Thornhill, Ms. Fouts-Sneed, and Mr. Binion "for [$]500,000.00 or what the court deems necessary with punitive damages added to [ensure] it doesn't happen again." ECF No. 52 at 1-2.

A party seeking to obtain a default judgment must proceed in two steps: (1) the clerk enters default and (2) the party moves the court to enter default judgment. Fed. R. Civ. P. 55(a)-(b). The magistrate judge, finding good cause to do so, previously set aside the default against PrimeCare, ECF No. 44, and no default has been entered against the other defendants. Inasmuch as no basis for default has been

5

presented, the plaintiff's motion for default judgment is DENIED.

   Accordingly, the court orders as follows:

1. That the magistrate judge's PF&R be, and it hereby is, adopted in its entirety.

2. The motion to dismiss of defendant J.T. Binion, ECF No. 32, is denied.

3. The motion to dismiss and alternative motion for summary judgment of defendants PrimeCare Medical, Inc., Jessica Thornhill, and Tina Fouts-Sneed, ECF No. 34, is granted with respect to the dismissal of the plaintiff's claim against PrimeCare Medical, Inc., but denied with respect to Jessica Thornhill and Tina Fouts-Sneed.

4. The plaintiff's motion for appointment of counsel contained in his response to the PF&R is denied. ECF No. 52.

5. The plaintiff's motion for default judgment is denied. ECF No. 52.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: March 9, 2023

John T. Copenhaver, Jr.
Senior United States District Judge