IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

MICHAEL DEANDRE WILLIAMS,

    Plaintiff,

v.                                                                   Case No. 2:19-cv-00067

TINA FOUTS-SNEED, *et al.*,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**RELEVANT PROCEDURAL HISTORY**

Among other defendants named in Plaintiff's Amended Complaint are Kim (LNU), Kitchen Administrator, Anna Hager, a former Medical Administrator for PrimeCare Medical, Inc. ("PrimeCare"), and former PrimeCare nurses Ruthanna (LNU), Molly Norvelle, and Jocelyn Ponciano, none of whom have been properly served with process, despite multiple attempts at personal service.

On June 7, 2023, counsel for the PrimeCare defendants was directed to notify the court, by June 13, 2023, of her ability to accept or waive service of process for any additional defendants she would be representing, if served, or to provide, *in camera*, a last known address for the former PrimeCare employee defendants. (ECF No. 65 at 1-2).

Counsel provided last known addresses for defendants Anna Hager ("Hager"), Molly Norvelle ("Norvelle") and Jocelyn Ponciano ("Ponciano"). However, no address was available for Nurse Ruthanna and her proper identity remains unknown.

On June 7, 2023, Plaintiff was ordered to fully identify Kim (LNU), Kitchen Administrator, and to provide an address where service of process could be attempted on that defendant, by June 20, 2023. (ECF No. 65 at 2). However, on June 26, 2023, the Clerk docketed a response from Plaintiff indicating that he could not provide the ordered information. (ECF No. 67).

On July 18, 2023, the undersigned issued an Order and Notice directing that summonses be issued for Defendants Hager, Norvelle, and Ponciano, and that personal service of the same be attempted by the United States Marshals Service ("USMS") at their last known addresses provided by PrimeCare's counsel. (ECF No. 68). However, on August 8, 2023, the USMS returned those summonses as unexecuted. Thus, service has not been accomplished on any of these defendants.

The undersigned's July 18, 2023 Order and Notice directed that the 90-day period for service of process under Rule 4(m) of the Federal Rules of Civil Procedure would run from July 18, 2023, that no further attempts at service would be made on those defendants, and that the failure to successfully serve those defendants within that time period would result in the undersigned's recommended dismissal of the claims against those defendants under Rule 4(m). (ECF No. 68 at 2)

## ANALYSIS

Although the Court is charged with assisting the *pro se* pauper Plaintiff with service of process under 28 U.S.C. § 1915(d), it is not required to be an advocate for him. Prior attempts of service of process on the defendants were unsuccessful, including at last

2

known addresses provided by defense counsel, and Plaintiff has not provided any other alternative addresses where service may be attempted.  The Court has no responsibility to continue to search for the location of these defendants in order to try to perfect service of process for the *pro se* pauper plaintiff.  As noted by another Honorable Judge of this court:

> At a minimum, such plaintiffs bear the reasonable burden of identifying some address where service can be properly made.  Only upon provision of such information – which is absent here – can the courts execute service.

*Skaggs v. Clark*, No. 3:13-cv-03293, 2015 WL 269154, *3 (S.D. W. Va., Jan. 21, 2015) (Chambers, J.); *see also Lacy v. DeLong*, No. 2:13-cv-14813, 2017 WL 6508364 *2 (Dec. 20, 2017) ("The Court is not required to continue its efforts at the behest of Plaintiff who is unable to provide the Court with any information allowing for service to be had upon [the defendant]").

Rule 4(m) of the Federal Rules of Civil Procedure states as follows:

> Time Limit for Service.  If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own initiative after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Because more than 90 days has passed without appropriate service on Defendants Anna Hager, Molly Norvelle, Jocelyn Ponciano, Nurse Ruthanna (LNU), and Kim (LNU), Kitchen Administrator, despite attempted personal service by officers of the court at their last known address and/or no alternative addresses having been provided by Plaintiff as ordered, the undersigned proposes that the presiding District Judge **FIND** that these defendants have not been properly served with process and

Plaintiff has not provided good cause for such failure. Thus, the claims against these defendants are subject to dismissal under Rule 4(m).

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the claims against Defendants Anna Hager, Molly Norvelle, Jocelyn Ponciano, Nurse Ruthanna (LNU), and Kim (LNU), Kitchen Administrator, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver and the opposing parties.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff and to counsel of record.

November 15, 2023

Dwane L. Tinsley
United States Magistrate Judge

5